UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUSTIN DEAN COLE WATTS,

Plaintiff,

v.                                                    CAUSE NO. 3:25-CV-1018-CCB-SJF

L. RODGERS, et al.,

Defendants.

## OPINION AND ORDER

Justin Dean Cole Watts, a prisoner without a lawyer, filed a complaint against

two defendants alleging they retaliated against him. ECF 1. "A document filed *pro se* is

to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless,

under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and

dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is immune from such

relief.

Watts, who is housed at the Miami Correctional Facility, alleges that, on August

8, 2025, Officer L. Rodgers and Lt. Heater put him in a choke hold that restricted his

breathing. ECF 1 at 2. He asserts Officer Rodgers's actions caused him to become

unconscious and, as a result, Lt. Heater had to do chest compressions on him. *Id.*

About a month later, on September 3, 2025, an inmate came to the Restrictive Housing Unit ("RHU") and informed Watts that Officer Rodgers had been telling other inmates about the August 8, 2025, incident. *Id*. Two days later, on September 5, 2025, Officer Rodgers, who was no longer assigned to RHU, stopped at Watts's cell in RHU, and smiled at him. *Id*. Watts contends that, as Officer Rodgers was leaving RHU that day, he heard Officer Rodgers offer to pay an inmate to harm him. *Id*. Watts asserts Officer Rodgers was retaliating against him because the August 8, 2025, incident led to Officer Rodgers being written up and removed from RHU. *Id*.

Watts filed a grievance about the September 5, 2025, incident and Sgt. Kimberly Grandstaff investigated his claim against Officer Rodgers. *Id*. at 2-3. He asserts Sgt. Grandstaff failed to properly investigate his grievance because she only took into account Officer Rodgers's statement about the events. *Id*. She did not speak to the inmate about what Officer Rodgers said to him. *Id*. at 3.

To state a claim under the First Amendment, a plaintiff must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citation and internal quotation marks omitted). Watts has not identified any First Amendment activity that predated the incident on September 5, 2025. Therefore, he may not proceed on a retaliation claim against Officer Rodgers.

2

Watts has also sued Sgt. Grandstaff because she did not address his grievance to his satisfaction. More specifically, Watts complains that Sgt. Grandstaff talked with Officer Rodgers about the September 5, 2025, incident but did not talk to the inmate who Officer Rodgers allegedly offered to pay to hurt Watts. However, Watts does not have a constitutional right to have another person's alleged wrongdoing investigated or prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General."). Furthermore, Watts has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, he may not proceed against Sgt. Grandstaff.

Watts has also filed two motions seeking injunctive relief. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Watts's complaint does not state a claim. Therefore, he has no chance of success on the merits and his motions for injunctive relief must be denied.

Because the complaint does not state a claim for relief, if Watts believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **DENIES** Justin Dean Cole Watts's motions for injunctive relief (ECF 14; ECF 15);

(2) **GRANTS** Justin Dean Cole Watts's until **May 15, 2026**, to file an amended complaint; and

(3) **CAUTIONS** Justin Dean Cole Watts that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 13, 2026.

 /s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

4